UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE L. ANDERSON,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendant(s). | Case No.: 2:18-cv-01524-JAD-NJK<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

On September 20, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Docket No. 14. Pending before the Court is Plaintiff's motion for screening of the complaint pursuant to 28 U.S.C. § 1915. Docket No. 15. For the reasons explained below, the undersigned **RECOMMENDS** that the complaint be **DISMISSED** without prejudice, and **DENIES** Plaintiff's motion to screen complaint, Docket No. 15, as moot.

**I.    BACKGROUND**

Plaintiff is suing for violations of due process and equal protection pursuant to 42 U.S.C. § 1983. Docket No. 1-1 at 1-5. Plaintiff is seeking actual damages in excess of $10,000, special damages in excess of $10,000, and punitive damages in the amount of $100,000,000. *Id*. at 9.

Plaintiff was charged, tried, convicted, and sentenced in state court in the Eighth Judicial District Court for Nevada. *Id*. at 3. Plaintiff alleges that the district court lacked jurisdiction because he filed an appeal of the court's denial of his petition for a writ of habeas corpus with the Nevada Supreme Court on February 26, 2018, before the start of Plaintiff's trial on February 28,

2018. *Id.* at 4-5. Plaintiff submitted the notice of appeal to the district court on February 27, 2018. *Id*. 1-1 at 3. Plaintiff was convicted on March 5, 2018, and appealed his conviction to the Nevada Supreme Court. *See Anderson v. Nevada, et al.,* Nev. S. Ct. 75776. The appeal is ongoing at the Nevada Supreme Court. *See id.* The question before the Court is whether this case may proceed in this Court in light of the fact that Plaintiff's conviction currently remains intact.

## II.   STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted

by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Nonetheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). *See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

The United States Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). *Heck* stands for the rule that, if a criminal conviction stands and is fundamentally inconsistent with the unlawful behavior for which a § 1983 claim and damages are sought, the § 1983 action must be dismissed. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*per curiam*). In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether a finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).

**III.   ANALYSIS**

The crux of Plaintiff's § 1983 claim is that he was unlawfully tried, without jurisdiction, in violation of his equal protection and due process rights. Docket No. 1-1 at 3-5. While Plaintiff does not expressly ask this Court to invalidate his conviction, he does seek damages on the basis that his conviction is invalid. Docket No. 1-1.

Plaintiff's criminal conviction is inconsistent with the allegations of unlawful behavior for which he filed his § 1983 claim and seeks damages. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). To prevail on his § 1983 claim, Plaintiff would have to demonstrate that there was no jurisdiction for his trial. *See id.* If Plaintiff did prevail on the claim that he was tried without jurisdiction, this would necessarily undermine the validity of his conviction. *See, e.g.*, *Rosales v. City of Phoenix*, 202 F. Supp. 2d 1055, 1059 (D. Ariz. 1999).

Accordingly, Plaintiff's claim for damages is barred by his conviction pursuant to *Heck*. *See, e.g.*, *Cabrera,* 159 F.3d at 380 (stating *Heck* bars bringing a § 1983 until the conviction is overturned).

## IV.   CONCLUSOIN

For the reasons stated above, the undersigned **RECOMMENDS** that the complaint be **DISMISSED** without prejudice.

Further, the Court **DENIES** Plaintiff's motion to screen complaint, Docket No. 15, as moot.

Dated: October 29, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).